RICHARD BURKE, plaintiff in error, *v.* MICHAEL HALEY, Adm'r of Michael Farnan, deceased, defendant in error.

*Error to Jo Daviess.*

Sales made by auctioneers stand upon the same footing as those made by private individuals, and require that some note or memorandum should be made and signed by the party to be charged, to render them valid and obligatory upon the purchaser.

An auctioneer sold at public vendue a certain house and blacksmith's shop, with a leasehold interest in the lot on which the buildings were located. The premises were struck off, and the following memorandum made by the auctioneer, on the back of the lease, with a pencil: " $200...$3·50...Richard Burke." No other memorandum of the sale was made: *Held*, not to be binding on the bidder to whom the property was struck off, there being nothing in the case, as shown by the evidence, to connect the memorandum with any particular house or lot, or with any terms or conditions of the sale, which would tend to prove the contract between the parties.

THIS suit was originally commenced before a justice of the peace in Jo Daviess county, by the defendant in error, for the sum of $81·91; being the difference in the sale of property sold at auction. Judgment was rendered before the justice for the amount claimed, against the plaintiff in error, from which judgment he appealed to the Circuit Court of Jo Daviess county. At the June term 1845, of said Court, a verdict was rendered against him for the above sum of $81·91.

*T. Campbell*, and *O. C. Pratt*, for the plaintiff in error.

Sales at auction of real estate are within the Staute of

Frauds.    Gale's Stat. 315; *Simonds* v. *Catlin*, 3 Caines, 64; 2 Johns. 260.

There was no sufficient memorandum made by the auctioneer to take the case out of the Statute.   3 Johns. 419.

On the subject of auction sales generally, see 1 Esp. N. P. R. 101; 2 do. 659; *Walker* v. *Constable*, 1 Bos. & Pul. 306; 7 Vesey, 341; 13 do. 456; Sugden, Vend. ch. 1, p. 25.

*J. Churchman*, for the appellee.

Our Statute applies to executory contracts; the English did not.   Roberts on Frauds, 112, 125, 129; *Simon* v. *Motivos*, 3 Burr. 1920.

The printed conditions were sufficient to bind the purchaser.   2 Esp. 231.

*T. Campbell*, in reply.

The doctrine laid down in *Simon* v. *Motivos*, 3 Burr. 1920, is not the law, and has not been for years.

The Opinion of the Court was delivered by

Purple, J.*   The defendant in error sued the plaintiff in error before a justice of the peace of Jo Daviess county. The suit was removed into the Circuit Court by appeal, and then tried at the June term 1845.   The bill of exceptions exhibits the following state of facts:   There was a house and blacksmith's shop situated upon a lot in Galena, in which the representatives of Farnan held a leasehold interest.   William Montgomery, a witness, called by plaintiff below, testified that he was a public auctioneer in Galena; that said plaintiff employed him to sell said interest in the house, shop and lot at public auction; that he advertised the property for sale in a newspaper, and offered it at public auction on the day designated in the advertisement; that defendant below bid for the property aforesaid the sum of ——, and also the sum of —— for a sign post; that he immediately wrote in pencil mark on the lease describing the premises, the words

---

*Wilson C. J., did not sit in this case.

and figures following: "\$200, \$3·50, Richard Burke;" that defendant below signed no instrument whatever relative to said sale, nor did he pay any thing on the same; that witness afterwards wrote a notice to Burke, which is not set out in the bill of exceptions; that he afterwards again exposed said property to sale and that it was purchased by one Patrick Barnes; that the demand here sought to be recovered is the difference between the two sales; that he never made any tender of a conveyance of the property in question to defendant below, except as by the notice before mentioned, previous to the commencement of this suit.

Philip A. Hoyne testified, that he served the notice before mentioned on the defendant below. This was all the evidence.

The counsel for the defendant below requested the Court to instruct the jury.

"That the Statute of Frauds applies in auction sales of lands as well as private sales, and that to take such sales out of the Statute a memorandum in writing is necessary, signed by the party to be charged, and that if the property or any part of it in this case was an interest in lands, unless the contract was reduced to writing it is void, and the plaintiff cannot recover for such interest." This instruction was refused, and the Court charged the jury "that auction sales of lands were not within the Statute of Frauds, and that the memorandum made by the auctioneer in pencil mark on the lease was sufficient to charge the defendant."

The defendant below excepted to the opinion of the Court in refusing the instruction asked, and in giving the one before recited. Other exceptions were taken upon the trial, and other errors have been assigned, but we deem them unimportant. We shall, therefore, only notice these two questions.

*First*, whether sales of lands or interests therein made at public auction are within the Statute of Frauds; and

*Second*, whether the memorandum here made is sufficient to exempt this case from the operation of the Statute.

Upon the first point, there seems to have been some conflict of opinion among the Judges of the English Courts. In

the case of *Simon* v. *Motivos*, 3 Burr. 1921, it was held that sales made at public auction were not within the Statute. But Lord Ellenborough, in the case of *Hinde* v. *Whitehouse*, 7 Term R., although he does not expressly decide the question, it not being necessary in that case, distinctly states that he is of a contrary opinion. All the recent decisions seem to admit the principle, and we think with sufficient reason in their favor, that sales made by auctioneers stand upon the same footing as those made by private individuals, and require that some note or memorandum should be made and signed by the party to be charged, to render them valid and obligatory upon the purchaser.

There is no difficulty in determining the other question presented in this case. The Statute of this State, (Rev. Stat. 258,) provides, that "no action shall be brought whereby to charge any person upon any contract for the sale of lands, tenements, or hereditaments, or any interest in or concerning them, for a longer period than one year, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof shall be made in writing and signed by the party to be charged therewith, or some other person thereto by him lawfully authorized."

The only written memorandum made in this case, by which the purchaser at the sale is sought to be charged, is the one made on the back of the lease of the premises sold, as follows: "$200—$3·50—Richard Burke." This was made by the auctioneer at the time of sale. Neither the notice containing the terms and conditions of the sale, nor the lease, nor the memorandum upon the back of the same, were produced upon the trial. There is nothing in the case, as shewn by the evidence, to connect the memorandum with any particular lot or house, or with any terms or conditions of the sale, which would tend to prove the contract between the parties. The auctioneer, it is true, by law is the agent of both the vendor and purchaser, and a memorandum signed by him would be binding on the latter, provided it was sufficient either in itself, or when connected with other written or printed evidence, to show what was the contract of the parties. From the entire absence of all such testimony, the

Court should have given the instruction asked for by the counsel for the defendant below, and withheld the instruction given.

It has been insisted upon the argument by the counsel for defendant in error, that the Statute of Frauds was not pleaded in this case, and that said defendant had no notice that the defendant below designed to avail himself of its benefits until the conclusion of the testimony in the cause. This Court has heretofore held that a party who intends to take advantage of this statute must plead the same, or in some other form rely upon it. This case being an appeal from a justice of the peace, no written pleadings are necessary in the Circuit Court. But the proceedings in this case clearly show that the defendant below relied solely on the statute for his defence.

The judgment of the Circuit Court is reversed with costs, and the cause remanded with directions to that Court to award a *venire facias de novo*.

<div align="right">

*Judgment reversed.*